McBRIDE, Judge.
Plaintiff recovered judgment in the First City Court of New Orleans against defendant for $576.61 for advances for his account consisting of payments of certain hospital bills, etc., connected with and accruing during the last illness of defendant’s wife (plaintiff’s sister), now deceased, and defendant has appealed.
The only defense tendered is represented by an exception that the trial court was without jurisdiction ratione materiae. Defendant filed no other pleadings nor introduced any evidence.
Defendant, who owned considerable real estate, from time to time found himself “short' on cash.” On frequent occasions he requested plaintiff, his brother-in-law, to advance money for his account for which advances he always reimbursed plaintiff. It was at the instance of defendant the advances sued for were made and plaintiff is looking to him for repayment both under the custom and course of conduct that prevailed between them and also under defendant’s specific promise to repay. The evidence shows such promise on defendant’s part.
The exception of lack of jurisdiction ra-tione materiae is grounded on the theory that whereas no community of acquets and gains existed between defendant and his-wife by virtue of a prenuptial contract (no evidence of such contract appears in the record), defendant is not liable as the debt is one which is due by the estate of the wife and plaintiff is relegated to her succession proceedings said to be pending in, the district court. The exception being without validity was properly overruled. This suit is based on a contract under an. arrangement binding defendant to personal liability and responsibility for repayment.
The judgment appealed from is affirmed.
Affirmed.